**LI & FUNG LTD.**, Opposer,

v.

**L. W. LOYD COMPANY, Inc.**, Applicant.
No. 43169.

United States District Court
E. D. Tennessee, S. D.
June 19, 1964.

Spitzer & Feldman, New York City, Charles Goins, Chattanooga, Tenn., for opposer.

A. Yates Dowell and A. Yates Dowell, Jr., Washington, D. C., Lamont Johnston, Chattanooga, Tenn., for applicant.

DARR, District Judge.

This is one of the situations where there is imposed upon district courts scant jurisdiction over peripheral incidents occurring in administrative procedures.

The controversy is before the Trademark Trial and Appeal Board of the Patent Office to settle which of the litigants is entitled to use the name "Black Cat" on firecrackers.

Under authority contained in 35 U.S. C.A. § 24, the Clerk of this Court issued a witness subpoena *duces tecum* directing L. W. Loyd, President of the Applicant company, to appear at a stated place in Chattanooga, Tennessee on May 28, 1964, for the taking of his deposition and requiring him to bring a number of documents as described in the subpoena *duces tecum*. On May 27, 1964, the Applicant filed a motion to stay or set aside the day for the taking of this deposition. No order appears in the record granting the motion but it is assumed that an oral order was made or by common consent the deposition was not taken.

On the same date, May 27, 1964, Applicant interposed a motion to quash the subpoena *duces tecum*.[1] This is the question to be settled. An affidavit was filed by Mr. Loyd and an affidavit in connection with a brief was filed by Mr. Spitzer, an attorney for the Opposer.

Under Rule 2.121 of the Trademark Rules of Practice, the assignment for the time for the taking of testimony is made by the Board. The time for taking testimony on behalf of the Applicant, as fixed by the Board, terminated May 8, 1964. Additional time for the taking of testimony is governed by Rule 1.281 which provides that application must be made by motion setting out good cause, etc., for such extension of time. This motion must be made to an authority in the Patent Office. This was not done.

Thus, the Applicant contends that the further taking of testimony is too late and barred by Rule 2.121. However, in this case it appears from the record that Mr. Loyd's testimony was taken in Washington by deposition on May 4, 1964, at which time Mr. Loyd did not have any records with him or at least did not have the records that the Opposer sought to obtain. At the close of the cross-examination of Mr. Loyd, the attorney for the Opposer announced that he had not finished with the cross-examination and desired to have it adjourned to a time when there could be presented the documents and papers referred to orally by Mr. Loyd in his testimony.

The statute referred to [35 U.S.C.A. § 24] provides that proceedings before a district judge shall be in accord with the Federal Rules of Civil Procedure. Under the circumstances above recited, it is concluded that the Opposer is not precluded by the time cutoff rule of the Patent Office from further cross-examination of Mr. Loyd.

The Applicant further contends that the documents sought are for discovery purposes and that the time for discovery has passed.

Rule 2.120 of the Trademark Rules of Practice requires the taking of discovery evidence prior to the taking of any testimony for the trial. If the subpoena *duces tecum* calls for documents and papers that are for discovery, then this part of the motion to quash is good.

There is not in the record the deposition of Mr. Loyd taken in Washington and no clear way is presented by which it can be determined what documents sought may be in the nature of discovery testimony. From the very broad descrip-

---

1. Both parties requested an oral hearing on this motion but the question has been well briefed and an oral hearing would not be beneficial. Rule 12(c), Local Revised Rules.

 

tion of the papers and documents in the subpoena *duces tecum* there arises a strong connotation that, at least in part, discovery evidence is sought. This will be settled by the decisional part of this memorandum.

■ The third contention made by the Applicant to quash the subpoena *duces tecum* is that no notice of the issuance of the subpoena and the time and place of the taking of testimony were given to the attorney for the Applicant. The Trademark Rules of Practice, Rule 1.273, so provide. However, it is obvious that the attorney for the Applicant knew about the subpoena and the time and place of the taking of testimony which is the same result sought to be accomplished by the rule. There is no merit in this insistence.

■ The fourth complaint made by the Applicant as a reason for quashing the subpoena *duces tecum* is that no showing of good cause has been made for its issuance and that it is unreasonable and oppressive. Under the Federal Rules of Civil Procedure, a subpoena *duces tecum* may issue without a showing of good cause.

The contention that the subpoena *duces tecum* is unreasonable and oppressive will be settled by the ruling herein.

The fifth ground made for quashing the subpoena *duces tecum* is that many matters of a confidential nature are sought to be disclosed by the documents named in the subpoena. There is no way of telling from a description of the documents what information contained therein may be of a confidential nature. This would have to be ascertained by investigating item by item and may be later determined.

■ The sixth reason given why the subpoena *duces tecum* should be quashed is that it relates to matters which would be expected to be in the possession of the Opposer. This is not necessarily a valid complaint. Moore's Federal Practice, Volume 4, Rule 26, Section 26.21 and Rule 33, Section 33.13.

In view of all the foregoing, the conclusion is reached that the subpoena should not be quashed in its entirety, but should be modified.

■ The Opposer is required to modify the number and description of documents and papers requested by identifying the very documents and papers about which Mr. Loyd testified in his deposition, and also any other papers or documents referred to by Mr. Loyd in his deposition which would validate, invalidate or clarify his testimony.

It would be more convenient, perhaps, for the date and place to be fixed by agreement for further cross-examination of Mr. Loyd. If the date and place of the taking of the deposition cannot be arranged by consent, application will be made to the Court. If it be that the modified subpoena *duces tecum* contains objectionable documents and papers further proceedings may be had without the interposition of a new motion.

Order accordingly.